RUGGLES, receiver, etc., v. CHAPMAN, Superintendent, etc., appellant.

*Insurance department — funds deposited with superintendent — when receiver of company is not entitled to.*

In an application by the receiver of a life insurance company, for an order directing the superintendent of the State insurance department to assign the funds deposited with him by the company for the security of policy holders, in order to enable the receiver to resist suits for disputed claims, *held,* that there is no provision of law for withdrawing the securities in the hands of the superintendent for such a purpose.

APPEAL from an order of the Kings special term, held November 7, 1873, appointing plaintiff a special receiver of funds in defend-

Ruggles v. Chapman.

ant's hands, deposited by the Eclectic Life Insurance Company for the benefit of its policyholders.

Defendant was superintendent of the insurance department of the State, and held the funds in question under the provisions of the statutes requiring deposits from insurance companies doing business in the State. Plaintiff was appointed receiver of the company named by the New York court of common pleas, in an action to wind up the affairs of said company. At the time of his appointment many suits on policies were pending against the company in different States. The company alleged that they were for fraudulent claims, and was defending them in the ordinary course of its business. It was claimed by the receiver that there were no available assets to defend these suits, not even to get witnesses and experts for trials. The receiver had requested the delivery of the funds deposited in defendant's hands, which consisted of bonds, mortgages and other securities, and upon refusal by defendant to deliver, had applied for a mandamus, which had been refused by Mr. Justice FANCHER.

The plaintiff then commenced this action for the purpose of having the rights of the parties adjudged, and asked for a preliminary appropriation of a part of the fund in defendant's hands to prevent the impending danger of defaults in the suits.

On the 7th of November, 1873, an order was made by Mr. Justice PRATT, at the special term of this court, appointing plaintiff a special receiver, and directing the defendant to execute and deliver to said receiver assignments of the securities held in defendant's hands. From this order, defendant appealed.

*Frederic H. Betts*, for appellant.

*John L. Hill*, for respondent.

BARNARD, P. J. There seems to be no need for the order appealed from. The securities held by the defendant, as superintendent, are safe 'in his hands, and should remain there until the case can be heard upon its merits. Whether this action is the proper remedy, or whether the funds held by defendant are or are not held specifically as security for the policyholders, are questions which must be decided by judgment. It is better that this judgment be made before the transfer of the securities.

Upon the merits, I am inclined to think that the special deposit in the defendant's hands cannot be directed to be transferred to a receiver appointed by the court of common pleas of the city of New York. I think it cannot be used to defend actions upon policies which may be recommended by a referee and ordered by the court. No provision has been made by law to withdraw any portion of the securities in the defendant's hands, to be used in defending claims which are adjudged to be invalid.

I am in favor of reversing the order appealed from, with $10 costs, to abide event.

*Order reversed.*